UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br><br>KAMALA HARRIS, et al.,<br><br><br>Defendants. | Case No. 14-cv-01869-JD<br><br>**ORDER OF DISMISSAL** |

Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend and petitioner has filed an amended petition

## DISCUSSION

**I.     STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting

each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## II.   LEGAL CLAIMS

Petitioner alleges that he was unlawfully subjected to a parole hold for 6 months from February 6, 2013, to August 22, 2013, even though he was previously discharged from parole on June 4, 2011. He was arrested for a new crime on February 6, 2013, and placed on a parole hold even though he was not on parole. As a result of the parole hold he was unable to post bail. A parole revocation hearing occurred and he was held in jail until August 22, 2013. Plaintiff alleges that counsel was ineffective for failing to convey to the court that he was not on parole.

Petitioner filed a habeas petition in the Superior Court of San Francisco. According to the Superior Court of San Francisco, petitioner appeared for a preliminary hearing on March 4, 2013, and bail was set at $250,000. Petition at 14. A parole revocation hearing was held on March 26, 2013, and the parole hold was removed. *Id*. at 15. The Superior Court denied the petition noting that, while there was at some point a hold on his parole, there was no longer any hold in effect. *Id*.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

A petitioner fully and fairly presents a claim to the state courts "if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim. Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional

guarantee and a statement of facts that entitle the petitioner to relief." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (citations omitted).

This petition will be dismissed without prejudice as petitioner has not exhausted his claim with the California Supreme Court and based on petitioner's own exhibits it appears that bail was provided and the parole hold was removed.

## CONCLUSION

The petition is **DISMISSED** for the reasons set forth above. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 3, 2014

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH JOHNSON,

        Plaintiff,

    v.

KAMALA HARRIS, et al.,

        Defendants.

Case No. 14-cv-01869-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/4/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keith Johnson
P.O. Box 67
#13662509
#339840
San Bruno, CA 94066

Dated: 9/4/2014

Richard W. Wieking
Clerk, United States District Court

By *Lisa R. Clark*

LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4